The Honorable Joe Molinaro State Representative 202 Country Club Road Sherwood, AR 72116
Dear Representative Molinaro:
This is in response to your request for an opinion regarding the Arkansas Rights of the Terminally Ill or Permanently Unconscious Act, which is codified at A.C.A. §§ 20-17-201 through -218 (Repl. 1991). Your specific questions pertain to the rights and duties of a health care proxy. Your questions are as follows:
 The primary question is the duty of a provider to discuss all health care decisions with a proxy or nearest next of kin in health care circumstances where the individual is unable to make decisions or communicate. In addition, a question exists in my mind as to whether a provider may design or generate living wills that permit them to avoid providing care without notification of a proxy.
With regard to the provider's duty to discuss health care decisions with a proxy, please note that I have enclosed a copy of Attorney General Opinion 97-128, which addresses this matter. As noted therein, the particular terms of the declaration naming a health care proxy will likely determine the rights and duties of health care providers with respect to consultation with the proxy. The Arkansas Rights of the Terminally Ill or Permanently Unconscious Act ("the Act") includes a suggested form for making a declaration governing the withholding or withdrawal of life-sustaining treatment. A.C.A. § 20-17-202(b) and (c). Because the form or type of the declaration may vary (see Opinion 97-128, at 2, regarding the different types of advance directives), reference must be made to the particular directions in the declaration.
The possibility of a separate written instruction directive or a durable power of attorney for health care should perhaps also be noted. It has been suggested that these instruments may be used to supplement a statutory declaration, i.e., a declaration under the Act. See Robert B. Leflar, Advance Health Care Directives Under Arkansas Law, 1994 Ark. L. Notes 37, 44. See also 39 Ark. L. Rev. 375, 428 (concluding that ". . . even absent an explicit statute, Arkansas courts should give effect to a durable power of attorney authorizing health care decisionmaking.") Your question regarding the provider's duty to consult a proxy may therefore require reference to other properly executed instruments.[1]
In the absence of a valid declaration under the Act or a proxy designation, reference should be made to A.C.A. § 20-17-214 which allows for the execution of a statutory declaration on behalf of an incompetent patient by specified family members and others. The listed individuals, in the stated order of priority, have the authority to make treatment refusal decisions.[2] The health care provider would thus have the duty to consult these persons if there was no declaration or a health care proxy had not been designated. See also A.C.A. §§ 20-19-601 to -604 (Repl. 1991 and Supp. 1995) (regarding consent to treatment).
With regard to the specific directions in a given directive or statutory declaration, please note that I cannot, in the context of an Attorney General Opinion, construe or interpret particular documents in this regard. Such an undertaking would potentially involve factual determinations which are not properly within the scope of an Opinion from this office. I am also specifically prohibited from engaging in the private practice of law. A.C.A. § 25-16-701 (Repl. 1996).
It should be noted, generally, however, that the health care proxy's authority to make treatment decisions, and the provider's concomitant duty to consult the proxy, will in my opinion ordinarily depend upon the particular terms of the advance directive. See generally Op. Att'y Gen.97-128.[3] Whether a particular directive appoints a proxy to make health care decisions on the patient's behalf or is limited to life-sustaining treatment decisions, or whether it somehow combines a proxy directive and an instruction directive, are thus matters to be decided in the drafting process. As stated in Advance Health CareDirectives, supra at 44:
 Careful attention to drafting treatment instructions can minimize, though not eliminate, the difficulties arising from the impossibility of anticipating the client's future medical situation and the treatment alternatives available.
With regard to your second question involving a provider designing or generating living wills, I am somewhat uncertain as to the precise focus of your concern. A health care provider would be prohibited, under A.C.A. §§ 20-17-209(e) and -210(c), from either requiring or prohibiting the execution of a declaration as a condition for receiving health care services. Such practices would subject the provider to a Class D felony charge. A.C.A. § 20-17-209(e). I cannot address your concern in any greater detail, however, in the absence of further facts surrounding the provider's actions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] As noted in Advance Care Directives, supra at 40, however, use of a durable power of attorney as a medical decisionmaking tool has not yet been tested in an Arkansas court. The statutory directive under the Act is thus ". . . recommended as having the firmest legal basis." Id.
[2] It has been stated that "[t]reatment refusals by family members for an incompetent patient are not required to take the form of a statutory declaration; the writing is primarily for the protection of medical personnel." R.B. Leflar, Advance Care Directives, supra at 42.
[3] The obligation to follow the patient's wishes, if known, should also be noted. It has been suggested that the patient's treatment preferences, expressed either to the proxy or others, should be honored.Advance Health Care Directives, supra at 43, citing Alan Meisel, TheRight to Die § 10A.18 10A.20 (1993 Cum. Supp. No. 2).